# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X    INDEX NO.:
THE MOUNT SINAI HOSPITAL,

                       Plaintiff,                       SUMMONS

   -against-

CROSSROADS HEALTHCARE MANAGEMENT
LIMITED LIABILITY COMPANY and ALLIED                      Plaintiff's Address:
WELFARE FUND LOCAL 338 PLAN OF BENEFITS,                  One Gustave L. Levy Place
                                                                     New York, New York
                       Defendants.
------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney an answer to the complaint in this action with twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you with the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

     The basis of the venue designated is the county in which plaintiff resides.

Dated: August 31, 2017                           WILLIAM A. HECHT, P.C.
                                                          Attorney for Plaintiff

                                                          By: *Patricia Hecht*
                                                          Patricia Hecht, Esq., Of Counsel
                                                          84 Business Park Drive, Suite 110
                                                          Armonk, New York
                                                          (914) 946-0647

Defendants' Addresses:

Crossroads Healthcare Management LLC
2556 Arthur Kill Road
Staten Island, New York 10309

Allied Welfare Fund
Local 338 Plan of Benefits
1505 Kellum Place
Mineola, New York 11501

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
THE MOUNT SINAI HOSPITAL,

                                 Plaintiff,

-against-

CROSSROADS HEALTHCARE MANAGEMENT
LIMITED LIABILITY COMPANY and ALLIED
WELFARE FUND LOCAL 338 PLAN OF BENEFITS,

                                 Defendants.
-------------------------------------------------------------X

INDEX NO.:

COMPLAINT

        Plaintiff, The Mount Sinai Hospital, by its attorney William A. Hecht, P.C., as and for its complaint against the defendants alleges as follows upon information and belief:

        1. At all times mentioned herein, plaintiff, The Mount Sinai Hospital ("MSH"), was and still is a domestic not-for-profit corporation and maintains its principal office in the County of New York.

        2. At all times mentioned herein, defendant Crossroads Healthcare Management Limited Liability Company ("Crossroads") was and still is a foreign corporation maintaining an office to conduct business in the County of Richmond.

        3. At all times mentioned herein, Allied Welfare Fund Local 338 Plan of Benefits ("the Fund") was and still is a self-insured employee welfare benefit plan maintaining an office to conduct business in the County of Nassau.

## AS AND FOR A FIRST CAUSE OF ACTION

        4. MSH contracted with MagnaCare, a participating provider organization ("PPO"), to be a MagnaCare Participating Provider in MagnaCare's PPO network.

5. MagnaCare negotiates with its Participating Providers the rates to be paid for health care services rendered by its Participating Providers, the MagnaCare contract rates.

6. For a fee MagnaCare provides access to those contract rates not only to parties that provide health care benefits to persons enrolled in their health plans but also to, among others, persons that serve as third-party claims administrators for health plans, the MagnaCare Payors.

7. Third-party claims administrators who are MagnaCare Payors provide access to the MagnaCare contract rates to their health plan clients.

8. As a MagnaCare Participating Provider, MSH provides hospital services at the MagnaCare contract rates to persons whose health plan or whose health plan's third-party claims administrator is a MagnaCare Payor.

9. MSH's contract with MagnaCare provides that MagnaCare is the duly authorized agent of its Payors, that MagnaCare binds each Payor to the terms of the contract and that MSH can enforce the contract against MagnaCare Payors.

10. At all times mentioned herein, MSH was a contracted Participating Provider for MagnaCare.

11. At all times mentioned herein, Crossroads was a contracted MagnaCare Payor.

12. Pursuant to Crossroads's contract with MagnaCare, Crossroads's clients could access the MagnaCare contract rates.

13. At all times mentioned herein, Crossroads was the contracted third-party claims administrator for the Fund.

14. Crossroads provided the Fund access to MagnaCare's contract rates.

15. The Fund pursuant to Crossroads's contract with MagnaCare is bound by Crossroads's contract with MagnaCare as if the Fund were a direct signatory of the contract.

16. At all times mentioned herein, MagnaCare was the in-network PPO for the Fund.

17. At all times mentioned herein, Crossroads was responsible to authorize services for the Fund's participants and beneficiaries.

18. At all times mentioned herein, Crossroads was responsible to pay claims for services rendered to the Fund's participants and beneficiaries.

19. Crossroads is responsible to pay MagnaCare Participating Providers the MagnaCare contract rate for services rendered to the Fund's participants and beneficiaries.

20. Crossroads acknowledged that MSH was to be paid the MagnaCare contract rate.

21. The Fund acknowledged that MSH was to be paid the MagnaCare contract rate.

22. MSH is a third-party beneficiary of Crossroads's contract with MagnaCare.

23. MSH is a third-party beneficiary of Crossroads's contract with the Fund.

24. MSH rendered certain hospital services to ED from December 21, 2014 to December 23, 2014.

25. The last four digits of ED's Fund identification number are 9175.

26. Defendants know the patient's full name and full identification number as each was contacted regarding the outstanding balance prior to the commencement of this action in an effort to amicably resolve the claim.

27. ED was transferred to MSH on an emergency basis from St. Luke's-Roosevelt Hospital Center for emergency surgery and died two days later on December 23, 2015.

28. Pursuant to its contract with MagnaCare, MSH submitted its claim to MagnaCare.

29. MagnaCare priced the claim to the contract rate and informed Crossroads that the contract rate is $664,727.46.

30. Crossroads, however, made only a partial payment in the amount of $47,440.26.

31. Crediting the partial payment made there remains an outstanding balance of $617,287.20, payment of which was demanded and which Crossroads and the Fund have refused to pay.

32. By failing to pay the full amount of the MagnaCare contract rate, Crossroads breached the parties' express and/or implied in fact contract whereby MSH was to render in-network hospital services to ED for which Crossroads was to pay MSH the MagnaCare contract rate for said services.

33. By failing to pay the full amount of the MagnaCare contract rate, Crossroads breached the parties' contracts with MagnaCare.

34. By failing to pay the full amount of the MagnaCare contract rate, Crossroads breached MSH's contract with MagnaCare, which MSH may enforce against Crossroads.

35. By failing to pay the full amount of the MagnaCare PPO rate, Crossroads breached its contract with MagnaCare to which MSH is a third-party beneficiary.

36. By reason of the foregoing, MSH has been damaged in the amount of $617,287.20, plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 4 through 31 as if fully set forth at length herein.

38. On or about February 10, 2015, an account was stated between MSH and Crossroads and the amount of $664,727.46 was found to be due and owing.

39. The account was accepted and retained by Crossroads without objection.

40. Despite MSH's demands for payment of the balance, Crossroads has refused to pay.

41. By reason of the foregoing, Crossroads is indebted to MSH in the amount of $617,287.20, plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION

42. Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 4 through 31 as if fully set forth at length herein.

43. By failing to pay the full amount of the MagnaCare contract rate, the Fund breached the parties' express and/or implied in fact contract whereby MSH was to render in-network hospital services to ED for which the Fund was to pay MSH its MagnaCare contract rate for said services.

44. By failing to pay the full amount of the MagnaCare contract rate, the Fund breach Crossroads's contract with MagnaCare by which it is bound as if it were a direct signatory.

45. By failing to pay the full amount of the MagnaCare PPO rate, the Fund breached its contract with Crossroads to which MSH is a third-party beneficiary.

46. By reason of the foregoing, MSH has been damaged in the amount of $617,287.20, plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION

47. Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 4 through 31 as if fully set forth at length herein.

48. On or about February 10, 2015, an account was stated between MSH and the Fund and the amount of $664,727.46 was found to be due and owing.

49. The account was accepted and retained by the Fund without objection.

50. Despite MSH's demands for payment of the balance, the Fund has refused to pay.

51. By reason of the foregoing, the Fund is indebted to MSH in the amount of $617,287.20, plus interest.

WHEREFORE, plaintiff, The Mount Sinai Hospital, demands judgment as follows:

a) On its first cause of action, a judgment against defendant Crossroads Healthcare Management Limited Liability Company in the sum of Six Hundred Seventeen Thousand Two Hundred Eighty Seven and 20/100 Dollars ($617,287.20), with interest thereon from July 13, 2015;

b) On its second cause of action, a judgment against defendant Crossroads Healthcare Management Limited Liability Company in the sum of Six Hundred Seventeen Thousand Two Hundred Eighty Seven and 20/100 Dollars ($617,287.20), with interest thereon from July 13, 2015;

c) On its third cause of action, a judgment against defendant Allied Welfare Fund Local 338 Plan of Benefits in the sum of Six Hundred Seventeen Thousand Two Hundred Eighty Seven and 20/100 Dollars ($617,287.20), with interest thereon from July 13, 2015;

d) On its fourth cause of action, a judgment against defendant Allied Welfare Fund Local 338 Plan of Benefits in the sum of Six Hundred Seventeen Thousand Two Hundred Eighty Seven and 20/100 Dollars ($617,287.20), with interest thereon from July 13, 2015;

e) For the costs and disbursements of this action; and

f) For such other, further and different relief as this court deems just and proper.

Dated: Armonk, New York
August 31, 2017

                                              WILLIAM A. HECHT, P.C.
                                              Attorney for Plaintiff

                                              By: _/s/ Patricia Hecht_
                                              Patricia Hecht, Esq., Of Counsel
                                              84 Business Park Drive, Suite 110
                                              Armonk, New York
                                              (914) 946-0647